IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME GARLAND ZINN,<br>Permanent Plenary Guardian<br>of the Person and Estate of<br>William Garland, | : : : : : | No. 4:CV 07-CV-826 |
| Plaintiff | : : | Judge Jones |
| v. | : : | |
| FARMERS NEW CENTURY<br>INSURANCE COMPANY,<br>Defendant | : : : : | |

## MEMORANDUM

June 21, 2007

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss of Defendant Farmers New Century Insurance Company (doc. 4)(the "Motion") filed on May 11, 2007. Defendant moves the Court to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7).

For the reasons that follow, the Motion shall be granted and the action dismissed.

### PROCEDURAL HISTORY:

This action was removed to this Court by the Defendant on May 4, 2007

from the Court of Common Pleas of Adams County. (Rec. Doc. 1). On May 11, 2007, the Defendant filed the pending Motion with supporting brief.

To date, Plaintiff has not filed a brief in opposition to the pending Motion nor has she filed for an extension of time within which to do so. Pursuant to Local Rule 7.6:

> [a]ny party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts, or other documents within fifteen (15) days after service of the movant's brief ... Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

The period for filing a responsive brief has long since expired. Accordingly, this matter is ripe for our review.

**STANDARD OF REVIEW:**

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

Despite the fact that Plaintiff has failed to file an opposing brief rendering the pending Motion unopposed, we shall undertake a merits analysis in the disposition of the instant Motion.

### 1. Factual Allegations:

Plaintiff Jamie Garland Zinn ("Plaintiff" or "Zinn") is the court-appointed guardian of William Garland ("Garland"). Both Plaintiff and Garland are citizens of Pennsylvania. Defendant is an insurance company incorporated and existing under the laws of the State of Illinois with a principal place of business in the State of California.

Plaintiff contends that Garland was seriously injured on April 18, 2003 when a vehicle operated by Jarrod Johnson and owned by Jarrod's father, Timothy A. Johnson, collided with a vehicle in which Garland was a passenger. The accident occurred in Franklin Township, Adams County, Pennsylvania. As of April 18, 2003, the Defendant insured Judith Johnson under one or two policies of

automobile liability insurance.

Following the accident, Plaintiff filed an action in the Adams County Court of Common Pleas for injuries suffered by Garland. The Adams County personal injury action is against Jarrod Johnson and his parents, Judith and Timothy Johnson. As of the date of the filing of Defendant's Motion, no judgment of liability or determination of judicial responsibility had been entered in favor of Plaintiff against Jarrod Johnson or Judith Johnson in the Adams County personal injury action.

Plaintiff commenced this action for declaratory relief in Adams County on April 10, 2007, seeking a declaration that Defendant, as insurer of alleged tortfeasors Judith Johnson and/or Jarrod Johnson is obligated "to compensate the Plaintiff under the liability section of the insurance policy for such damage and injury suffered by William Garland as may be judicially determined to be the responsibility of Jarrod W. Johnson and/or Judith A. Johnson . . ." (Rec. Doc. 1, *ad damnnum* clause). As noted, Defendant removed the action to this Court.

## 2. Analysis

Within the *ad damnum* clause of the Complaint for Declaratory Relief filed in Adams County, Plaintiff prays for the Court to enter a declaratory judgment "declaring that the Defendant, Farmers New Century Insurance Company, is under

a duty and obligation to compensate the Plaintiff under the liability section of the insurance policy for such damage and injury suffered by William Garland as may be judicially determined to be the responsibility of Jarrod W. Johnson and/or Judith A. Johnson." Defendant argues that the *ad damnmum* clause clearly overlooks the possibility that liability may not be found against either Judith or Jarrod Johnson in the Adams County personal injury action and that Plaintiff is effectively asking the Court to render an advisory opinion.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides:

> In a case of actual controversy, within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

Furthermore, "'when a pending proceeding in another court will fully resolve the controversy between the parties' a district court may exercise its discretion and deny a request for declaratory judgment." American Universal Ins. Co. v. National Casualty Company, 1990 U.S. Dist. LEXIS 1138, *5 (E.D. Pa. 1990).

As previously noted, Plaintiff claims that her ward, Garland, was seriously injured in a motor vehicle accident in April 2003. To that end, she has filed a personal injury action on his behalf in Adams County which is

still pending. The Defendant represents that no judgment or finding of liability has been obtained in that action by Plaintiff against either Jarrod or Judith Johnson, and therefore the instant declaratory judgment action is not ripe. Therefore, Plaintiff is essentially requesting this Court to enter a declaratory judgment in anticipation of a finding of liability against Judith or Jarrod Johnson. As the Defendants correctly submit, this type of "advisory opinion" is an entirely improper form of relief that cannot be granted by this Court.

Accordingly, because this matter does not present the Court with an actual controversy because it is not yet ripe, we shall dismiss this action without prejudice. An appropriate Order shall issue.